```
                    UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,       )
                                )
               Plaintiff,       )
                                )
     v.                         )
                                )
WILKINS FURMENT,                )
                                )
               Defendant.       )
                                )Case No. A05-097 CR (JWS)
```

### SENTENCING MEMORANDUM ON BEHALF OF WILKINS FURMENT

Through undersigned counsel LANCE C. WELLS, DEFENDANT WILKINS FURMENT files the following Sentencing Memorandum setting forth all factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

Mr. Furment has pled guilty to on count of drug conspiracy in violation of 21 U.S.C. Sec. 846 & 841(b)(1)(A), a Class A felony offense. The maximum term of imprisonment is life and there is a ten year minimum mandatory period of incarceration, four million dollar fine maximum as well as 5 years minimum of supervised release and a $100 special assessment fee. There is a written plea agreement that has been entered in to between the government and Mr. Furment. The guideline applications contained

within the plea agreement do not bind either party nor the court.

Mr. Furment pursuant to his plea placed upon the record and taken by this court does not dispute that he sold on one occasion cocaine base totaling 84 grams to a cooperating CS on 8/11/05. The above cocaine base weight was determined by the crime lab and is not in dispute. This amount and type of drug places the defendant within the advisory USSG at level 32. See USSG Sec. 2D1.1(c)(4) without departure.

Mr. Furment has no criminal history of any sort and falls within criminal History Category I (0-1 criminal history points).

Under the now "advisory" guidelines, the base offense level is that of 32, less three points for acceptance of responsibility, yields an estimated offense level of 29. Defendant further believes that he has satisfied the criteria under advisory USSG 5C1.2: Limitation on Applicability of Statutory Minimum Sentences in Certain Cases which would reduce his offense level by an additional 2 points thus yielding an adjusted offense level of 27. Defendant maintains that he did not possess any firearm in this matter. He does not dispute however, that a weapon was found located in a vehicle not owned by him and that numerous people had access to. No gun was retrieved at the time of the sale and there is no evidence of

any sort to show the weapon was present on the date Mr. Furment sold the cocaine base to the CS. Nor were Mr. Furment's fingerprints found on the pistol. Mr. Furment will testify that numerous other people had operated the vehicle, had access to it, was not registered to him but in fact belonged to his girlfriend's father. Lastly, that the weapon was not there on the date the cocaine base was sold and that he did not handle the weapon or know it was there.

The estimated criminal history is that of 0 points (CH level I), thus yielding a non-binding sentencing range of 70-87 months. The statutory mandatory minimum sentence (without departure) the court may impose based on the facts upon which the defendant has entered his guilty plea is 10 years, supervised release range of a minimum of 5 years and it is suspected that a fine will not be imposed based upon defendant's inability to pay it. A review of the final PSR supports this conclusion.

It is believed that a short evidentiary hearing of no more than 90 minutes will be necessary to present testimony and argue the above enhancement over the possession of the pistol: Kel Tec semi-automatic.

### **Sentencing under *Booker***

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S.Ct. 2531

(2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S.Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984, that

---

[1] It should be noted that the fact-of-prior-conviction exception to the Apprendi rule is based on Almendarez-Torres v. United States, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of Booker itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by Shepard v. United States, 125 S.Ct. 1254 (2005). Shepard sharply limits the Almendarez-Torres exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that Almendarez-Torres was wrongly decided. 125 S.Ct. at 1264 (Thomas, J. concurring).

make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S.Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory". Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker,

> Requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a).

Booker, 125 S.Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2". Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" [§3553(a)(1)];

2) "the kinds of sentences available" [§3553(a)(3)];

3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a)(6)]; and

4) "the need to provide restitution to any victims of the offense" [3553(a)(7)].

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recognize[e] that imprisonment is *not* an

appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part "H" of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. §5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005)(Simon, J.)(taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, _F.Supp.2d_, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. March 7, 2005)(Jones, J.)(concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when

he committed his predicate offenses – he was 17 – and noting that in <u>Roper v. Simmons</u>, 125 S.Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of <u>Booker</u> and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in <u>Booker</u>, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in <u>Booker</u>, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore." <u>United States v. Ranum</u>, 353 F.Supp.2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005)(Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in <u>Booker</u>". <u>United States v. Jaber</u>, _F.Supp.2d_, 2005 WL 605787 *4 (D. Mass. March 16, 2005)(Gertner, J.). See also <u>United States v. Ameline</u>, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005)(advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), <u>reh'g en banc granted</u>, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from <u>Booker</u>'s remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.

Booker, 125 S.Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight", its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other §3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989)(Becker, J., concurring in part,

dissenting in part)(arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

### Application of the Statutory
### Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

    (a) Nature and Circumstances of Offense

    Mr. Furment became involved in the above matter after he fell upon desperate times: his mother was ailing, here medical bills rising, he was not bringing in any substantial income, he is the father of four small children and the mobile home on which he was working on and planning on selling was not completed and marketable at the time. Mr. Furment then made a bad series of decisions. He obtained the drugs which were sold by breaking in to the trunk of a known drug dealer's Honda Accord and taking the drugs from his car including his car stereo. He then wanted to sell the drugs so as to bring himself

out of the financial hole he found himself in. The problem was, Mr. Furment did not know anyone in which to sell the drugs to as he had not been in that "business" before this time. He subsequently fell in with a friend of his brothers and an acquaintance of his from years past Mr. Frank Enrique Mota-Rijo. Mr. Furment had the drugs, Mr. Mota-Rijo "cut them," and knew who would purchase them. However, unknown to Mr. Mota-Rijo and Mr. Furment at the time was that the person who purchased the drugs from them was a cooperating CS working for the DEA in Anchorage. Both Mr. Furment and Motoa-Rijo were subsequently arrested and charged. It is believed that Mr. Mota-Rijo has now been sentenced and received a sentence of 36 months.

(b) History and Characteristics of Mr. Furment

Mr. Furment has had a cocaine/crack habit in the past as a juvenile. He was, however, able to quit using cocaine for a period of time through the aid of treatment available at the time which was limited due to his living in the projects of New York and New Jersey. He reports relapse and using both powder and crack cocaine throughout the time of the transaction set forth above.

Much to Mr. Furment's credit however, is the fact that he has maintained some form of employment for several years and at times self employment. Mr. Furment reports no history of mental illness or disease. He is amenable to obtaining any

treatment that might be available through the Bureau of Prisons including but not limited to their 500 DAP program. He has no prior criminal history.

1. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

    (B) to afford adequate deterrence to criminal conduct

    (C) to protect the public from further crimes of the defendant

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

2. The Kinds of Sentences Available

In <u>Booker</u>, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>Booker</u>, 125 S.Ct. at 756. This renders the sentencing guidelines advisory. <u>Id.</u>

Under 18 U.S.C. §3561(a)(1), since Mr. Furment's conviction is for a Class A felony offense, probation is not authorized. Under the now "advisory" guidelines, a sentence of probation is six months. See USSG Sec. 5B1.1(a).

3.  The Sentencing Range Established by the Sentencing Commission as Set forth in the Presentece Report

The PSR reflects a sentencing range of 108-135 months based on a Offense Level of 29 as calculated and Criminal History category I. There is however, a ten year minimum term of imprisonment that must be imposed should the defendant not qualify for the "safety valve" as set forth above.

4.  The Need to Avoid Unwarranted Disparities

Mr. Furment requests this court to sentence him to a sentence which is on par with many other first time drug offenders that have come before this court since Booker/Fanfan have been released. Mr. Furment has not done time in custody before, and his ability to be rehabilitated has never been tested before by this court. His commission of the instant offense was fueled by need to obtain funds to help his mother and support his four children as he had fallen on hard times.

5.  The need to provide restitution to any victims of the offense.

No restitution is due in this matter.

6.  Departure Requests

Part of Mr. Furment's plea agreement allows him the opportunity to attempt to receive a USSG Sec. 5K1.1 departure. This has not occurred.

**Conclusion**

It is respectfully requested that his court find that Mr. Furment has satisfied the criteria allowing him the benefit of the "safety valve." That Mr. Furment has good to excellent prospects for rehabilitation based upon his age and lack of any prior record, desire to undergo drug treatment for his addiction problem, minimal drug treatment in the past and employment history.

That no more than 70 months be imposed with a period of supervised release to follow and that no monetary fine be imposed, as Mr. Furment has no ability to pay a fine.

DATED at Anchorage, Alaska, this 13th day of June 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.
Attorneys for Wilkins Furment


By: s/ Lance C. Wells

Alaska Bar No. 9206045
733 W. 4th Avenue, Suite 308
Anch., AK. 99501
tel 274-9696
fax 277-9859
email lwells@gci.net


**Certificate of Service**

On 6/13/06 a copy of the above was delivered via electronic filing to Frank Russo, AUSA at his address of record.

By: s/ Lance C. Wells
    AK Bar # 9206045