DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:05-cr-00097-01-jws |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | <u>UNITED STATES SENTENCING</u> |
| WILKENS FURMENT , ) | <u>MEMORANDUM</u> |
| ) | |
| Defendant. ) | |
| ) | |

**<u>SUMMARY OF SENTENCING RECOMMENDATIONS</u>**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **120 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report in this case. The government does not dispute the factual findings of the USPO.

## I.   BACKGROUND

### A.   Offense Conduct

Between August 11, 2005, and September 28, 2005, the defendant conspired to distribute 50 grams or more of cocaine base to a confidential source ("CS") working with the Drug Enforcement Administration ("DEA"). On August 11 and September 13, 2005, the defendant sold cocaine to the CS: 84 grams of cocaine base and 88.2 grams of cocaine powder, respectively. During the September 13 buy, the defendant advised the CS that he would only deal in purchases of larger quantities of cocaine of one-half kilogram or higher. Otherwise, the CS would have to make purchases from "his boy Frank", referring to co-defendant Frank Enrique Mota-Rijo. See PSR ¶ 13. On September 28, 2005, a final transaction was arranged in which the CS ordered one-half kilogram of cocaine. Furment drove to Mota-Rijo's residence, picked up a bag, and returned to his (Furment's) residence. Instead of purchasing the half-kilogram, a search warrant was executed, and approximately 425 grams of cocaine was seized from the defendant's residence, which was concealed on the person of the defendant's

girlfriend, Crystal Hollingsworth. Inside the vehicle the defendant was driving (which the defendant had driven to earlier drug sales) was a Kel-Tec semi automatic handgun and a ziplock back with white powder residue. PSR ¶ 15.

### B. The Plea Agreement

The defendant pled guilty to conspiracy to distribute 50 grams or more of cocaine base. Within the plea agreement, the government estimated that the defendant's sentencing range to be 108 to 135 months. Despite the presence of the firearm in his vehicle and his apparent leadership role, the defendant reserved the right to argue that he qualifies for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(7).

## II. GUIDELINE APPLICATIONS

### A. Base Offense Level

The USPO correctly assessed the defendant was responsible for the sale of in excess of 50 grams of cocaine base. The parties appear to be in agreement that such assessment is proper. Pursuant to U.S.S.G. § 2D1.1(c)(4) provides for a **base offense level of 32**.

### B. Specific Offense Characteristic: Possession of Firearm

U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement if a firearm was possessed. This adjustment should be applied "if the weapon was present,

unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment 3. The weapon need not actually be possessed during the offense of conviction. United States v. Willard, 919 F.2d 606, 609-10 (9th Cir. 1990) (weapons found at different location than that of arrest were part of same course of conduct, and therefore enhancement applies).

Here, immediately prior to a proposed drug deal, the defendant was driving a vehicle in which a firearm and a ziplock bag with residue was found. While the defendant appears to contend that such possession was not connected to his August 11 sale of crack, this ignores the fact that the defendant pled guilty to conspiracy -- not an isolated sale. In any event, such possession would be considered relevant conduct pursuant to U.S.S.G. § 1B1.3. Accordingly, a two level enhancement is appropriate.

### C. Limitation on Applicability of Statutory Mandatory Minimums

Both U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2 provide for reductions in the offense level and makes the mandatory minimum sentences defendants face inapplicable, provided five criteria are met: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence in connection with the offense, or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in

death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager or supervisor of the criminal activity; and (5) by the time of sentencing, the defendant has <u>truthfully</u> provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan.  The defendant fails at least three of the five criteria set forth above.

To qualify for the "safety valve," "the initial burden of proof is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction."  <u>United States v. Shrestha</u>, 86 F.3d 935, 939-40 (9th Cir. 1996).  The defendant has not – and cannot – satisfy this burden.  First of all, as set forth above, the defendant possessed a firearm in connection with the offense.  Second, as set forth in the pre-sentence report (that was not objected to by the defendant), the defendant stated that the CS would have to make smaller purchases from "his boy Frank."  Thus, the defendant appears to have a supervisory role over his co-defendant Mota-Rijo.

Lastly, the United States contends that the defendant has not <u>truthfully</u> provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or

a common scheme or plan.  Courts have held that, in order to qualify to qualify for the "safety valve", the defendant must provide "all information and evidence" to the government; this phrase should be read broadly, and includes names of suppliers and coconspirators and relevant conduct, not just defendant's actions within the offense of conviction.  <u>United States. v. Thompson</u>, 81 F.3d 877, 879-80 (9th Cir. 1996) ("we hold that a defendant must give the Government all the information he has concerning the offense, including the source of his drugs, to avail himself of the benefit of §5C1.2").

    Finally, the defendant has the burden that the information he provided was truthful.  <u>United States v. Romo</u>, 81 F.3d 84, 85-86 (8th Cir. 1996) (defendant "had the burden to show, through affirmative conduct, that he gave the Government truthful information and evidence about the relevant crimes before sentencing"); <u>United States v. Ivester</u>, 75 F.3d 182, 184-86 (4th Cir. 1996) ("plain language" of §3553(f)(5) "obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government); <u>United States v. Arrington</u>, 73 F.3d 144, 148 (7th Cir. 1996) (defendant must "satisfy the court that he has 'truthfully provided to the Government all [of the] information and evidence . . . [that he] has concerning the offense.' . . . Although [defendant] is not required

to provide information that the government expressly states that it does not want, he at least must offer what he has.").

The defendant provided information to the government on June 13, 2006. The defendant's information had numerous misstatements and apparent falsities. According to the defendant, his source of cocaine for the transactions with the CS came from a vehicle he was breaking into in order to steal its car stereo. That vehicle fortuitously happened to have 12 ounces of cocaine inside, which he stole and sold to the CS over a two month period. He explained his purchases of large quantities of a common cutting agent for cocaine as a new-found interest in the physical benefits of ingesting the cutting agent. In sum, the defendant's story defied by the evidence, as well as common sense. For these reasons, the defendant does not qualify for the "safety valve."

### D.     **Acceptance of Responsibility**

Currently, the United States agrees that the defendant qualifies for a three-level reduction for acceptance of responsibility. If however, the defendant testifies falsely at his sentencing hearing, the United States will withdraw this recommendation, as his testimony likely would constitute falsely denying relevant conduct (see U.S.S.G. § 3E1.1, Application note 1(a)), as well as qualify the defendant for an additional enhancement for obstruction of justice, pursuant to

U.S.S.G. § 3C1.1.  See U.S.S.G. § 3C1.1, application note 4(f) ("providing materially false information to a judge or magistrate.")  If acceptance of responsibility is removed, and an enhancement for obstruction of justice applied, the defendant would have an adjusted offense level of 36, and, at a criminal history category of I , a sentencing range from 188 - 235 months.

### III.   SENTENCING RECOMMENDATION

Presently, the United States recommends that the defendant be sentenced to the mandatory minimum 10 years imprisonment, followed by five  years of supervised release.   A $100 special assessment is mandatory.

//

//

//

//

//

RESPECTFULLY SUBMITTED this  13th day of June, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on June 13, 2006, via:

   (X) Electronic case filing notice

Lance C. Wells, Esq.


Executed at Anchorage, Alaska, on June 13, 2006

s/ Frank V. Russo_____
Office of the U.S. Attorney