WILKINS FURMENT
13477-066
Taft Correctional Institution
PO Box 7001 A4D
Taft, California 93268

RECEIVED
JUN 04 2007
CLERK, U.S. ...
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Appellee,<br><br>v.<br><br>WILKINS FURMENT,<br>    Defendant/Appellant. | )<br>)<br>)    CASE NO. A05-0097-01 CR<br>)<br>)<br>)<br>)<br>) |

PRO SE MOTION TO VACATE ORDER OF JUDGMENT
ENTERED BY FRAUD AND DEFENDANT'S
WITHDRAWAL OF PLEA AGREEMENT PURSUANT
TO FED.R.CIV.P. 60(b)

COMES NOW, Defendant, appearing **in pro se**, and moves this Honorable Court for its order vacating the order of Judgment of Conviction entered by fraud on the Court pursuant to Fed.R.Civ.P. 60(b)(3, and 6)[1], and withdrawing Defendant's Plea Agreement; proceeding to trial on the basis of "actual innocence."

Defendant is currently serving sentence at the Taft Correctional Institution at Taft, California. Defendant is currently without benefit of counsel,[4] and is illiterate[2]; having filed this motion with the aid and assistance of another inmate.[3]

At the time Defendant executed the Plea Agreement he was represented by

---

1. Fed.R.Civ.P. 60(b)(3), and (6): **On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons...(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ...(6) any other reason justifying relief from the operation of the judgment.**

2. Illiteracy : "The condition of one who cannot read or write and, in general, one who is unlettered or unlearned.

3. Johnson v. Avery, 393 U.S. 483, 487, 21 L.Ed.2d 718, 722, 89 S.Ct. 747 (1969). Illiterate or poorly educated prisoners have the right to assistance from "jail-house" lawyers to present valid constitutional claims.

4. Defendant filed a Motion to Terminate Legal Representation and Proceed **In Pro Se** Pending Substitution of Legal Counsel on April 16, 2007.

1

counsel. However, counsel refused to read the Plea Agreement to Defendant stating that Defendant "would not understand the legal technicalities in the Plea Agreement so there was no point."

Further, counsel misrepresented the actual content of the Plea Agreement to Defendant, and the actual consequences of Defendant's execution of the Plea Agreement. Defendant was told by counsel that regardless of what questions the Court would ask, Defendant was to always answer in the affirmative; admitting to whatever the Court required, rather than respond truthfully if the proper answer was negative. This instruction was absolute and without exception and Defendant was told that more dire consequences would result if Defendant did not heed counsel's instructions.

Defendant was further instructed <u>not</u> to voice any objections or comments during sentencing, and when Defendent was testifying on the stand at sentencing, he did not understand that he had the right to state his actual innocence of the charges in the indictment. Defendant's counsel deliberately misled Defendant by stating that the Plea Agreement and subsequent sentencing proceedings were mere formalities; that counsel and the Government had already agreed to a minimum sentence, and that the Court was <u>required</u> to follow the Government's recommendation.

At the time of the execution of the Plea Agreement, and sentencing proceedings, Defendant did not understand the criminal justice process, nor was anything explained to him by his counsel. Nevertheless, counsel made fraudlent misrepresent-ations to Defendant, and to the Court, for personal economic gain, and economy of time, with complete disregard for Defendant's due process rights.

Defendant submits that he is actually innocent of the charges contained in the indictment and that no evidence exists to the contrary, and that he is entitled to a fair trial on the merits of the charges and proper representation by legal counsel.

Based on the foregoing, Defendant further submits that pursuant to Fed.R. Civ.P. 60(b), a fraud has been commited on the Court; violating Defendant's right

2

to effective assistance of counsel as provided by the Sixth Amendment. Further, Defendant is entitled to a hearing on the merits of this motion, or in the alternative, the Court granting his motion; verified by affidavit, on its face.

Respectfully submitted,

Dated: May 29, 2007

_____
Wilkins Furment, in pro se
Defendant

## AFFIDAVIT AND VERIFICATION

I, Wilkins Furment, after having been duly sworn, do hereby attest and affirm the following:

1. I am the Defendant in the above entitled action, and currently an inmate at the Taft Correctional Institution, Taft, California.

2. I am illiterate, and unable to read or write.

3. The facts and statements contained in the above motion were made by me, of my own knowledge, and are true and correct, and I verify same.

4. After the motion was prepared by an unbias and independant third party, it was clearly read to me by the herein below Notary Public.

5. While I do not comprehend statutes and citations of law, I understand that I was, and currently am, entitled to effective assistance of counsel and a fair trial on the merits.

Affiant further sayeth not.

Executed this 29 day of May, 2007, under penalty of perjury, at Taft Correctional Instution, at Taft, California.

_____
Wilkins Furment

See attached
Notary Certificate
                                    ES

3

## CALIFORNIA JURAT

State of California
County of Kern

Subscribed and sworn to (or affirmed) before me on this ___29th___ day of ___May 2007___

By ___Wilkins Furman___
Proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Earlene K. Smith, Notary Public
Commission expires 21 March 2010

EARLENE K. SMITH
Commission # 1647208
Notary Public - California
Kern County
My Comm. Expires Mar 21, 2010

## CERTIFICATE OF SERVICE

I, Wilkins Furment, hereby certify that I have served a true and correct copy of **Pro Se Motion to Vacate Order of Judgement of Judgment entered by Fraud and Defendant's Withdrawal of Plea Agreement Pursuant ot Fed.R.Civ.P. 60(b)**, which is deemed filed at the time it was deposited with prison authorities for forwarding by U.S. Mail at Taft Correctional Institution which has no separate system for inmate legal mail [Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379 (1988)], by placing same in a sealed, first-class postage pre-paid envelope, addressed to:

> Frank Russo, AUSA
> United States Attorney's Office
> 222 West 7th Ave. #9
> Anchorage, Alaska 99513

and deposited same in the institution's mail service at Taft Correctional Institution at Taft, California.

I declare that the foregoing is true and correct underpenalty of perjury [Title 28 U.S.C. §1746].

Dated this 30 day of May, 2007.

_____
Wilkins Furment

