IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>WILKINS FURMENT,<br><br>  Defendant. | Case No. 3:05-cr-00097-JWS<br><br><br><br>ORDER DENYING<br>MOTION TO REOPEN |

On June 4, 2007, William Furment, representing himself, filed a motion to reopen his criminal case under Federal Civil Rule 60(b)(3) and (6), claiming that his attorney committed fraud by not telling him the contents of his plea agreement.[1] Civil

---

[1] *See* Docket No. 67; *see also Nunes v. Mueller*, 350 F.3d 1045, 1053 (9th Cir. 2003), *cert. denied*, 543 U.S. 1038 (2004) ("During all critical stages of a prosecution, which must include the plea bargaining process, it is counsel's 'dut[y] to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution' (*Strickland* 466 U.S. at 688 ...). Those obligations ensure that the ultimate authority remains with the defendant 'to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal' (*Jones v. Barnes*, 463 U.S. 745, 751 ... (1983))."); *Babbitt v. Calderon*, 151 F.3d 1170 (9th Cir. 1998), quoting *Strickland v. Washington*, 466 U.S. 668, 687-

Rule 60 is an improper vehicle to challenge a criminal conviction.[2] Moreover, Mr. Furment has not given this Court sufficient cause to reopen this case through Rule 60(b)(3), which deals with fraud on the part of an adverse party, rather than his own attorney.[3] And the catchall section, Rule 60(b)(6), does not apply since Mr. Furment has shown no "extraordinary circumstances" which would warrant it.[4] Nothing Mr. Furment has said in his motion suggests that he fits the Civil Rule 60(b) criteria.[5]

---

88, 694 (1984) (Mr. Furment must establish that (1) "counsel's performance was deficient, i.e., that it fell below an 'objective standard of reasonableness' under 'prevailing professional norms' "; and (2) "he was prejudiced by counsel's deficient performance, i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'.")

[2] *See* FED. R. CIV. P. 1; *see also* FED. R. CIV. P. 60(b) (relief from final civil judgment or order may be granted for "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;" or "(6) any other reason justifying relief from the operation of judgment").

[3] *See id.*

[4] *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988), quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *see also United States v. Alpine Land & Reservoir, Co.* 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813 (1993) (Rule 60(b)(6) is only to be "used sparingly as an equitable remedy to prevent manifest injustice.").

[5] "It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981); *see also Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 393 (1993) (the "provisions [of Rule 60(b)] are mutually exclusive"); *Liljeberg*, 486 U.S. at 863 n. 11.

Mr. Furment is not without a remedy, however. Because he is alleging that he was wrongfully convicted and sentenced in violation of his Sixth Amendment right to effective assistance of counsel,[6] his remedy is to file a timely motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255.[7]

**IT IS HEREBY ORDERED** that:

1. Mr. Furment's motion to reopen his criminal case, at docket number 67, is DENIED without prejudice to filing a timely motion under 28 U.S.C. § 2255.[8]

2. The Clerk of Court shall send form AO-243, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" to Mr. Furment with a copy of this Order.

---

[6] *See* Docket No. 67 at 2-3.

[7] *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003), quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (Claims of ineffective assistance of counsel "normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted."); *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991) ("Molina renews his claim, first raised in the motion for a new trial, that his trial counsel's performance was so ineffective as to amount to a violation of his sixth amendment right to counsel. The customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. § 2255.").

[8] Mr. Furment is cautioned that there is a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. *See Clay v. U.S.*, 123 S.Ct. 1072, 1074 (2003); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [petitioner] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal.") (citations omitted).

3. Mr. Furment's motion to represent himself in this case is GRANTED, without prejudice to filing a motion for appointment of counsel along with the filing of a motion under § 2255.[9]

4. The Clerk of Court is directed to send this Court's form USDCA 40, Application for Appointment of Counsel, and a form CJA 23, Financial Affidavit, to Mr. Furment with a copy of this Order.

5. Mr. Furment's request that the Court order his former attorney to return all files to Mr. Furment, and his request for copies of his Court file will be provisionally denied, but may be made again, if necessary, by counsel for Mr. Furment.[10]

DATED this 12th day of June, 2007, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[9] "Clearly, there is no constitutional right to counsel on [federal] habeas." *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (quoting *Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993)). However, 18 U.S.C. § 3006(a)(2)(B), provides that if "the interests of justice so require, representation may be provided [under the Criminal Justice Act] for any financially eligible person who ... is seeking relief under section ... 2255 of title 28."

[10] Mr. Furment has indicated that he intends to secure counsel for the attack on his conviction based upon the ineffective assistance of former counsel. *See* Docket No. 66.