IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WILKINS FURMENT,<br><br>　　　　Defendant. | Case No. 3:05-cr- 00097-JWS<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

Wilkins Furment, representing himself, has filed a timely motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel.[1]

---

[1] *See* Docket No. 72, dated June 20, 2007, and received on June 25, 2007; *see also* Docket No. 59 (June 21, 2006, judgment); *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [petitioner] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal"); Rule 13.1 of the Rules of the Supreme Court of the United States (ninety days from date of mandate to petition the United States Supreme Court for certiorari).

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED that:**

1. The Clerk of Court is directed serve a copy of the § 2255 motion, at docket number 72, and a copy of this Order, on the United States Attorney for the District of Alaska.

2. The Criminal Justice Act (CJA)[2] authorizes this Court to appoint an attorney for a *habeas* petitioner who cannot afford his own attorney. Mr. Furment's application for appointment of counsel, at docket number 73, is therefore GRANTED. The Federal Public Defender for the District of Alaska will designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Furment in this case. Once designated, counsel for Mr. Furment will immediately file a notice of appearance.

3. Counsel for Mr. Furment shall review the record, confer with Mr. Furment, and file any amended § 2255 motion on or before **August 6, 2007.** In the alternative, counsel will file a notice that no amended motion will be filed.

4. The United States Attorney will file an answer or other responsive pleading on or before **September 5, 2007**. The answer will respond to the allegations of the motion, and in addition, state whether Mr. Furment has used any other available federal remedies, including any prior post-conviction motions under

---

[2] *See* 18 U.S.C. § 3006, *et. seq.*

these rules, to address the issues presented.[3] The United States Attorney must also supplement the answer or response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

5. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer. The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[4]

6. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(4).

7. No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

DATED this 11th day of July, 2007, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[3] *See* Rule 5, Rules Governing Section 2255 Proceedings.

[4] *See* D. Ak. HCR 8.1.