LAW OFFICES OF HUGH W. FLEISCHER
310 K. Street, Suite 200
Anchorage, Alaska 99501
907-264-6635
907-264-6602-Fax
hfleisch@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILKINS FURMENT<br><br>    Defendant.<br>_____ | CASE NO: A05-097 CR (JWS) |

**MR. FURMENT'S AMENDED PETITION**

Defendant, Wilkins Furment, through his counsel, Hugh W. Fleischer, hereby files an amended petition. This petition is based upon the factual and legal arguments contained herein. This amended petition also incorporates the initial petition, dated on June 20, 2007.

**STATEMENT OF THE ISSUES**

1. Trial counsel was ineffective in violation of the 6th Amendment to the U.S. Constitution in relation to not having fully explained the terms and conditions of the

Plea Agreement.

2. A similar claim under the Sixth Amendment is that counsel did not file an appeal, as requested by Mr. Wilkins.

**I. TRIAL COUNSEL WAS INEFFECTIVE RE PLEA AGREEMENT**

Mr. Wilkins Furment asserts that his trial attorney failed to provide him with adequate representation. He claims that he failed to advise him of the terms and conditions of the Plea Agreement. Had such Agreement been clearly explained to the petitioner, who is illiterate, there may not have been a plea.

In *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), the U.S. Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." Cited in *Jennings v. Woodford*, 290 F. 3rd 1006, 1012 (9th Cir. 2002).

In *Strickland v. Washington*, the Supreme Court formulated a two prong test. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that his attorney's representation "fell below an objective standard of reasonableness," (the "performance prong") and (2) the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that,

2

but for counsel's unprofessional errors, the result of the proceeding would have been different." (the "prejudice prong") *Strickland*, 466 U.S. @ 688. 694, 104 S. Ct. 2052.

*Strickland's* two-prong test applies to ineffectiveness claims arising from the plea process. **Hill v. Lockhart**, 474 U.S. 52, 57-58, 106 S. Ct. 366, 88 L.Ed.2d 203 (1885) (holding that voluntariness of a guilty plea depends on the adequacy of counsel's legal advice).

The principal error, which meets the *Strickland* test, is the failure to clearly and understandably explain the Plea Agreement to a client, who does not read English. This omission by defense counsel clearly falls within the holding of *Strickland*, *supra*. Such matter was crucial to petitioner's defense and easily could be seen, was essential to his right to a voluntary plea and but for such omission, the result probably would have been different. See **U.S. v. Blaylock**, 20 F.3d 1458 (9th Cir. 1994); **Betancourt v. Willis**, 814 F.2d 1546 (11th Cir. 1987).

II. TRIAL COUNSEL WAS INEFFECTIVE RE APPEAL

Mr. Furment claims that his counsel below, although requested to do so, failed to file an appeal to the U.S. Court of Appeals for the Ninth Circuit. It is understood that the said Plea Agreement contained language that specifically stated

that the defendant waived his right to appeal the conviction and/or sentence. There are two arguments regarding the alleged waiver. One, there was a period during which the government was required to object to any appeal filed from a Plea Agreement that contained such a provision. Failing to so object the government lost its opportunity to make the clear challenge to an appeal waiver. Therefore, an appeal might have gone forward on substantive terms. Two, Mr. Furment incorporates his argument in I above, that being, that he should not loose any rights, such as an appeal waiver, that were not explained to him.

The above authorities setout in I, *infra*, also apply with equal importance to the failure to appeal the sentence.

Wherefore, Mr. Furment asks to have an evidentiary hearing on this matter to determine whether the case should be remanded to the U.S. District Court, with corrective action to be taken.

DATED this 26th day of September, 2007.

LAW OFFICES OF HUGH W. FLEISCHER

By: S/ Hugh W. Fleischer
    Hugh W. Fleischer
    Attorney for Mr. Furment

```
                        310 K. St., Suite 200
                        Anchorage, AK 99501
                        907-264-6635
                        907-264-6602-Fax
                        hfleisch@aol.com
```

CERTIFICATE OF SERVICE

I certify that on the 26th day of September, 2007, a true copy of the foregoing was delivered electronically to the following counsel:
Frank Russo
Assistant U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567


S/ Hugh W. Fleischer


9570/502