NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00097-01-JWS-JDR |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION |
| | ) | TO MOTION TO VACATE |
| vs. | ) | SENTENCE UNDER |
| | ) | 28 U.S.C. § 2255 |
| WILKINS FURMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby moves to dismiss defendant-petitioner Wilkins Furment's petition to vacate his sentence pursuant to 28 U.S.C. § 2255.

# INTRODUCTION

Wilkins Furment moves to vacate his conviction and the mandatory minimum 120-month sentence he received pursuant to a plea agreement in which he agreed to waive his right to collaterally attack his conviction. Nonetheless, Furment claims that he received ineffective assistance of counsel because his attorney never explained his plea agreement to him, notwithstanding his sworn statements to the Court to the contrary. Moreover, again notwithstanding his waiver of his appeal contained in the plea agreement, he claims that his attorney failed to file an appeal on his behalf. In short, Furment's claims of ineffective assistance of counsel are belied by his sworn testimony, as well as the Court's thorough Rule 11 colloquy.

# BACKGROUND

The defendant, along with a co-defendant, was charged by indictment dated October 19, 2005, with six counts of controlled substances offenses. The top count of the indictment, conspiracy to distribute 50 grams or more of crack cocaine, carried a mandatory minimum ten years in prison. By plea agreement dated December 8, 2005, the defendant agreed to plead guilty to Count 1 of the Indictment, and the government agreed to dismiss the remaining counts. See, Plea

Agreement, attached hereto as Exhibit A. It was clearly spelled out in the plea agreement that the defendant faced a mandatory minimum ten years in prison. [Ex. A, p. 16]. Moreover, within the plea agreement, the defendant represented, "My attorney has explained the charge(s) to which I am pleading guilty and the necessary elements, and the consequences of my plea" and that he was fully satisfied by the representation by his attorney. [Ex. A, pp. 22- 26]. Furment's attorney, Lance C. Wells, also represented that he had explained the plea agreement to his client:

> As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty.

[Ex. A, p. 28]. Also, the plea agreement contained a waiver of defendant's right to appeal and to collaterally attack his sentence. [Ex. A, pp. 13-14].

At the change of plea hearing held on December 15, 2007, the defendant reaffirmed these representations under oath. See, Transcript of Change of Plea Hearing, attached hereto as Exhibit B. The defendant told the Court that he dropped out of high school after his freshman year. [Ex. B, p. 5]. Among other things, the defendant represented that he had discussed the charges in the

indictment with his attorney [Ex. B, p. 7]; that he had discussed how his sentence would be calculated with his attorney, who answered any questions he had [Ex. B, p. 8]; that he read the plea agreement and discussed it with his attorney, whose services the defendant was satisfied with [Ex. B, p. 9]; that he understood that he was waiving his right to appeal and to collaterally attack his sentence. [Ex. B., p. 11]; and that he faced a mandatory minimum ten years in prison [Ex. B, p. 13]. The defendant was advised of his trial rights and agreed to the factual basis put on the record by the government. [Ex. B, p. 14-15]. The Court found that the defendant was fully competent and capable of entering a knowing and voluntary plea. [Ex. B, p. 16].

At the imposition of sentence hearing, counsel for the defendant filed a fourteen page sentencing memorandum, which sought to relieve the defendant of the ten-year mandatory minimum by arguing that he qualified for the "safety valve" provisions of U.S.S.G. § 5C1.2. See, docket 55. An evidentiary hearing was held on June 20, 2006, and the defendant testified on his own behalf. The United States called a rebuttal witness, and the Court found that the defendant did not qualify for "safety valve" consideration by virtue of a gun that was found inside his vehicle. By virtue of his false statements at sentencing, the government argued that he did not deserve credit for acceptance of responsibility, and should

face a guideline sentencing range of 188 to 235 months.  See, Government's sentencing memorandum, docket 56.  After hearing argument, the Court rejected the government's request, and sentenced the defendant to the mandatory minimum 120 months in prison.  As the minute entry clearly indicates, the defendant was given a notice of appeal form and advised of his rights to appeal.  See, Minute Entry, attached hereto as Exhibit C.[1]  The judgment was filed on June 21, 2006.

On June 20, 2007, the defendant filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  The original petition essentially alleges that the defendant did not receive effective assistance of counsel essentially for two reasons: (1) that the plea agreement was not explained to him by his counsel; and (2) his counsel failed to file an appeal on his behalf.  Counsel was appointed and filed an amended petition on September 26, 2007, which echoed and expanded upon those arguments.

## **TIMELINESS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one-year period of limitations for collateral relief under 28 U.S.C. § 2255.  The limitations period runs from the latest of several potentially applicable dates.  Most commonly, as is the case here, the limitation period starts when the

---

[1]  The change of plea hearing has not yet been transcribed.

judgment of conviction against a defendant becomes final. The defendant's conviction became final on June 21, 2006. His petition was filed on June 20, 2007. Thus, the petition was timely filed.

## ARGUMENT

**I.    FURMENT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.**

Furment's sworn statements to the Court completely contradict his current assertions. Notwithstanding, his counsel secured the mandatory minimum sentence and advanced every argument that could have mitigated Furment's sentence. In order to succeed on an ineffective assistance of counsel claim, the defendant would have to show both inadequate performance by counsel and prejudice arising therefrom. Strickland v. Washington, 466 U.S. 668 (1984). With regard to inadequate performance, the defendant is required to point to specific errors and omissions in the record. United States v. Johnson, 820 F.2d 1065, 1073 (9th Cir. 1987).

> The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" . . . . In establishing prejudice [the defendant] "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Counsel's errors must be

> "so serious as to deprive defendant of a fair trial, a trial whose result is reliable."

Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995)(internal citations omitted).

Furment himself not only told the court that he was satisfied with his attorney's representation, but agreed that he had read the plea agreement and discussed the plea agreement with his attorney. [Ex. A, p. 9]. His acknowledgment that he accepted his attorney at the time he pled guilty defeats his subsequent claims of prejudice. United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.), cert. denied, 484 U.S. 832 (1987) (citations omitted); Chua Han Mow v. United States, 730 F.2d 1308, 1311 (9th Cir. 1984), cert. denied, 470 U.S. 1031, 105 S. Ct. 1403 (1985). Statements made by a defendant at the time he changes his plea "carry a strong presumption of verity." United States v. Rivera-Ramirez, 715 F.2d 453, 458 (9th Cir. 1983). In Rivera-Ramirez, as in the case at bar, the defendant moved to withdraw his plea, arguing that his attorney misled him in negotiating a plea and provided ineffective assistance. The district court properly relied upon the defendant's averments at the plea hearing that he was satisfied with his representation and rejected his after-the-fact statements to the contrary. Id.; see also, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied,

467 U.S. 1254, 104 S.Ct. 3540 (1984)(district court entitled to credit testimony at Rule 11 hearing over subsequent arguments and affidavit).

      This Court should do likewise. Furment cannot meet either of the prongs required by Strickland. First, the change of plea hearing flatly contradicts Furment's claim that he could not read the plea agreement and that counsel did not explain it to him. The defendant clearly knew what sentence he was facing, and his counsel took every step to attempt to mitigate this sentence. When those attempts were not supported by the law, counsel managed to obtain the lowest sentence possible given the charge that the defendant faced. The court must always "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689.

      Next, the defendant's attempt to blame his attorney for not filing a notice of appeal is also flatly contradicted by the record, which unequivocally establishes that the defendant was given a notice of appeal form. See, Exhibit C. In every case in this district, the Court has a practice of advising the defendant that the clerk of court will file a notice of appeal for the defendant if requested. Nevertheless, even assuming, for the sake of argument, that the defendant's contention was true, he cannot show prejudice arising therefrom. Indeed, the defendant waived his right to appeal within his plea agreement, which the record

establishes was entered into knowingly and voluntarily. Any appeal would have been dismissed for lack of jurisdiction, a fact that is tacitly acknowledged by the amended petition.

     Thus, the Court should credit the defendant's sworn statements at the change of plea hearing and discount his current apocryphal claims to the contrary. To the extent that the defendant's claims are not contradicted, he fails to allege any facts which, even if proven true, would entitle him to relief. Accordingly, the defendant's motion should be denied without a hearing. United States v. Mullen, 96 F.3d 1155, 1159 (9th Cir. 1996). See also, Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998).

## CONCLUSION

     Furment does not dispute the fact that he committed the instant offense. Instead, he attempts to cast dispersions toward his attorney, who secured the defendant the mandatory minimum sentence required by law. For the reasons stated above, the defendant has not shown inadequate performance by his attorney or prejudice arising therefrom. Thus, no evidentiary hearing is needed because no factual issues exist which, if resolved in defendant's favor, would warrant relief. Therefore, his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 should be dismissed.

RESPECTFULLY SUBMITTED this 10th day of December, 2007, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ Frank V. Russo
> Assistant U. S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on December 10, 2007,
via:

    (X) Electronic filing

Hugh Fleischer,

Executed at Anchorage, Alaska, on December 10, 2007.

s/Frank V. Russo
Assistant U.S.  Attorney
Office of the U.S. Attorney