LAW OFFICES OF HUGH W. FLEISCHER
310 K. Street, Suite 200
Anchorage, Alaska 99501
907-264-6635
907-264-6602-Fax
hfleisch@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>) | CASE NO: A05-097 CR (JWS) |
| Plaintiff,       )<br>)<br>) | |
| v.         )<br>) | |
| WILKINS FURMENT     )<br>) | |
| Defendant.      )<br>_____) | |

**MR. FURMENT'S REPLY**

      Defendant, Wilkins Furment, through his counsel, Hugh W. Fleischer, hereby files his Reply to the government's Opposition to defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255.

    **I.    TRIAL COUNSEL WAS INEFFECTIVE RE PLEA AGREEMENT**

      Mr. Wilkins Furment asserts that his trial attorney failed to provide him with adequate representation. He claims that he failed to advise him of the terms and

conditions of the Plea Agreement. Had such Agreement been clearly explained to the petitioner, who is illiterate, there may not have been a plea.

In response to the government brief, Mr. Furment claims that he does meet the **Strickland** two-prong test, as set forth below. He, moreover, claims that his attorney did not explain the Plea Agreement nor file an appeal.

In **McMann v. Richardson**, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), the U.S. Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." Cited in **Jennings v. Woodford**, 290 F. 3rd 1006, 1012 (9th Cir. 2002).

In **Strickland v. Washington**, the Supreme Court formulated a two prong test. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that his attorney's representation "fell below an objective standard of reasonableness," (the "performance prong") and (2) the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (the "prejudice prong") **Strickland**, 466 U.S. @ 688. 694, 104 S. Ct. 2052.

**Strickland's** two-prong test applies to ineffectiveness claims arising from the plea process. **Hill v. Lockhart**, 474

U.S. 52, 57-58, 106 S. Ct. 366, 88 L.Ed.2d 203 (1885) (holding that voluntariness of a guilty plea depends on the adequacy of counsel's legal advice).

See **U.S. v. Blaylock**, 20 F.3d 1458 (9th Cir. 1994); **Betancourt v. Willis**, 814 F.2d 1546 (11th Cir. 1987).

Wherefore, Mr. Furment re-asks to have an evidentiary hearing on this matter to determine whether the case should be remanded to the U.S. District Court, with corrective action to be taken.

DATED this 4th day of January, 2008.

LAW OFFICES OF HUGH W. FLEISCHER

By: S/ Hugh W. Fleischer
    Hugh W. Fleischer
    Attorney for Mr. Furment
    310 K. St., Suite 200
    Anchorage, AK 99501
    907-264-6635
    907-264-6602-Fax
    hfleisch@aol.com

CERTIFICATE OF SERVICE

I certify that on the 4th day of January, 2008, a true copy of the foregoing was delivered electronically to the following counsel:

Frank V. Russo
Assistant U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567


S/ Hugh W. Fleischer


9570/503

5