LAW OFFICES OF HUGH W. FLEISCHER
310 K. Street, Suite 200
Anchorage, Alaska 99501
907-264-6635
907-264-6602-Fax
hfleisch@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO: A05-097 CR (JWS) |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| WILKINS FURMENT ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MR. FURMENT'S REQUEST FOR**
**AN EVIDENTIARY HEARING**

Defendant, Wilkins Furment, through his counsel, Hugh W. Fleischer, hereby files his request for an evidentiary hearing.

**TRIAL COUNSEL WAS INEFFECTIVE RE PLEA AGREEMENT**

Mr. Wilkins Furment asserts that his trial attorney failed to provide him with adequate representation in violation of the Sixth Amendment to the United States

Constitution. Mr. Furment claims that his attorney failed to advise him of the terms and conditions of the Plea Agreement. Had such Agreement been clearly explained to the petitioner, who, as stated previously, is illiterate, there may not have been a plea.

Mr. Furment claims that he does meet the test set out in **Strickland v. Washington**, 466 U.S. 668, 80 L. Ed2d 674 (!984); **United States v. Ortega-Amaro**, 2008 U.S. App. Lexis 9144 (9th Cir. Apr. 23, 2008); Evans v. Roe, 2008 U.S. App. Lexis 9135 (9th Cir. Apr. 23, 2008); **Richter v. Hickman**, 2008 U.S. App. Lexis 7516 (9th Cir. Apr. 9, 2008).

Mr. Furment, moreover, as noted previously, claims that his attorney did not explain the Plea Agreement nor file an appeal-both critical matters.

In **McMann v. Richardson**, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), the U.S. Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." Followed by **Turner v. Calderon**, 281 F.3d 851 (9th Cir. 2002) and **United States v. Cortez**, 973 F. 2d 764 (9th Cir. 1992). **McMann** is cited in **United States v. Gonzalez-Lopez**, 548 U.S. 140, 165 L. Ed. 2d 406 (2006); **United States v. Ruiz**, 536 U.S. 622, 153 L. Ed. 2d 586 (2002).

As this Court knows, in **Strickland v. Washington**,

2

*supra*, the Supreme Court prescribed the aformentioned two prong test, which Mr. Furment has met. ***Strickland***, 466 U.S. @ 688. 694, 104 S. Ct. 2052.

***Strickland's*** two-prong test applies to ineffectiveness claims arising from the plea process. ***Hill v. Lockhart***, 474 U.S. 52, 57-58, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985). Followed by ***Evans v. United States***, 2008 U.S. App. Lexis 6543 (9th Cir. Mar. 17, 2008) and ***Jackson v. AG of Nev.***, 2008 U.S. App. Lexis 538 (9th Cir. Mar. 4, 2008).

Wherefore, Mr. Furment re-requests to have an evidentiary hearing on this matter to determine whether the case should be remanded to the U.S. District Court, with corrective action to be taken.

DATED this 29th day of April, 2008.

LAW OFFICES OF HUGH W. FLEISCHER

By: <u>S/ Hugh W. Fleischer</u>
    Hugh W. Fleischer
    Attorney for Mr. Furment
    310 K. St., Suite 200
    Anchorage, AK 99501
    907-264-6635
    907-264-6602-Fax
    hfleisch@aol.com

CERTIFICATE OF SERVICE

I certify that on the 29th day of April, 2008, a true copy of the foregoing was delivered electronically to the following counsel:

Frank V. Russo
Assistant U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567


S/ Hugh W. Fleischer




9570/510