NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00097-01-JWS-JDR |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S REQUEST FOR AN |
| vs. | ) | EVIDENTIARY HEARING |
| | ) | |
| WILKINS FURMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby responds to the Court's order at docket 96, which requests the Government's response to the defendant's request for an evidentiary hearing on his petition to vacate his sentence pursuant to 28 U.S.C. § 2255.

At docket 87, the Court summarized the defendant's three grounds for post conviction relief: (1) counsel failed to advise him of the terms and conditions of the plea agreement; (2) counsel failed to file an appeal, though requested to do so; and (3) an appeal waiver was not explained to him before he waived his right to take an appeal.  See Minute Order at docket 87.  The Court then correctly stated: "Before a defendant is entitled to an evidentiary hearing, he must make a prima facie showing of the grounds asserted.  He may do this through the filing of an affidavit, including his own.  Unless Furment can show there are material facts in dispute warranting an evidentiary hearing, the matter may be argued on the present record."  Id.; see also United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) ("To earn the right to a hearing, therefore, Appellant [is] required to allege specific facts which, if true, would entitle him to relief.").

In response to the Court's Order, the defendant, through counsel, filed a request for an evidentiary hearing arguing that his claims satisfy the two pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  However, the defendant never provided any further support for his claims, as requested by the Court.  Thus, the Court is left to analyze the defendant's claims as set forth in his original petition, which are flatly contradicted by the defendant's sworn

statements under oath at the change of plea hearing.  See United States Response to Defendant's Petition to Vacate, Exhibit B, docket 84.

The district court must grant a petitioner's motion to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The district court has "wide latitude" its decision to deny an evidentiary hearing on an ineffective assistance of counsel claim.  See Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998); see also McMullen, 98 F.3d at 1155 ("Under the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the lower court.").  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "'so palpably incredible or patently frivolous as to warrant summary dismissal'." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984)).

Here, Furment has failed to allege facts that, if true, would entitle him to relief on his ineffective assistance of counsel claims.  As unequivocally set forth in Exhibit B to the United States response to his petition, Furment told the Court under oath that he was satisfied with his attorney [Ex. B, p. 9]; that his attorney had discussed the plea agreement with him and that he read it [Ex. B, p. 9]; that no

one forced him to plead guilty or promised him anything to persuade him to plead guilty [Ex. B, p. 9]; and that he was waiving his right to appeal [Ex. B, pp. 10-11]. The defendant provides no detail, in the form of personal affidavit or attorney declaration, as to why he told the Court these things under oath if they were not in fact true. Regardless, the Court itself explained the salient points of plea agreement to the defendant, which he agreed with, as well as the waiver of his right to appeal. [Ex. B, pp. 10-11]. He also agreed to that the factual basis set forth by the government to establish his guild was in fact true. [Ex. B, pp. 14-15].

Accordingly, there is no evidence in the record from which to infer that there are material facts in dispute regarding the defendant's ineffective assistance of counsel claim. Moreover, given the defendant's agreement with the factual basis set forth by the Government, and the fact that he received the mandatory minimum sentence, Furment has also failed to satisfy the second <u>Strickland</u> prong; he has not alleged facts that, if true, would demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Completely missing from his petition are any allegations regarding how the result of the proceedings would have somehow been different absent the alleged attorney ineffectiveness. As such,

the defendant's claims are frivolous, flatly contradicted by his earlier sworn statement, and should be summarily denied.

## CONCLUSION

Furment's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 should be dismissed.

RESPECTFULLY SUBMITTED this 9th day of May, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on May 9, 2008, via:

(X) Electronic filing

Hugh Fleischer,

Executed at Anchorage, Alaska, on May 9, 2008.

s/Frank V. Russo
Office of the U.S. Attorney

USA v. Furment
3:05-cr-00097-01-JWS-JDR                5