LAW OFFICES OF HUGH W. FLEISCHER
310 K. Street, Suite 200
Anchorage, Alaska 99501
907-264-6635
907-264-6602-Fax
hfleisch@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO: 05-097 CR (JWS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILKINS FURMENT ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MR. FURMENT'S BRIEF ON THE MERITS

Defendant, Wilkins Furment, through his counsel, Hugh W. Fleischer, hereby files his Brief on the Merits regarding his Motion to Vacate Sentence under 28 U.S.C. § 2255.

### TRIAL COUNSEL WAS INEFFECTIVE RE PLEA AGREEMENT

Mr. Wilkins Furment asserts that his trial attorney failed to provide him with adequate representation.  He claims that he failed to advise him of the terms and conditions of the Plea Agreement.  Had such Agreement been

clearly explained to the petitioner, who is practically illiterate, having said that "he is unable to write and his reading is improving to approximately fifth grade level." (PSR   there may not have been a plea.

Mr. Furment claims that he does meet the *Strickland* two-prong test, as set forth below.  He, moreover, claims that his attorney did not explain the Plea Agreement nor file an appeal.

In *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), the U.S. Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." Cited in *Jennings v. Woodford*, 290 F. 3rd 1006, 1012 (9th Cir. 2002); *Belmontes v. Ayers*, 2008 U.S. App. LEXIS 12630 (9th Cir. June 13, 2008); *Wright v. Ayers*, 2008 U.S. App. LEXIS 7201 (9th Cir. March 25, 2008); *Lambright v. Schriro*, 490 F.3d 512 (9th Cir. 2007).

In *Strickland v. Washington*, *infra*, the Supreme Court formulated a two prong test.  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that his attorney's representation "fell below an objective standard of reasonableness," (the "performance prong") and (2) the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that,

2

but for counsel's unprofessional errors, the result of the proceeding would have been different." (the "prejudice prong")  *Strickland v. Washington*, 466 U.S. 668, @ 688. 694, 104 S. Ct. 2052.

*Strickland's* two-prong test applies to ineffectiveness claims arising from the plea process *Wright v. Van Patten*, 128 S.Ct. 743, 169 L.Ed.2d 583; *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S. Ct. 366, 88 L.Ed.2d 203 (1885) (holding that voluntariness of a guilty plea depends on the adequacy of counsel's legal advice).

See *U.S. v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994); *Betancourt v. Willis*, 814 F.2d 1546 (11th Cir. 1987).

Wherefore, based upon the above, Mr. Furment asks to have the case remanded to the U.S. District Court, with corrective action to be taken.

DATED this 16th day of June, 2008.

LAW OFFICES OF HUGH W. FLEISCHER

```
                    By: S/ Hugh W. Fleischer
                        Hugh W. Fleischer
                        Attorney for Mr. Furment
                        310 K. St., Suite 200
                        Anchorage, AK 99501
                        907-264-6635
                        907-264-6602-Fax
                        hfleisch@aol.com
```

CERTIFICATE OF SERVICE

I certify that on the 16th day of June, 2008, a true copy of the foregoing was delivered electronically to the following counsel:

Frank V. Russo
Assistant U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567


S/ Hugh W. Fleischer


9570/512

4

5